IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF MICHIGAN, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF HAWAII, STATE OF MAINE, STATE OF MARYLAND, STATE OF NEW MEXICO, COMMONWEALTH OF PENNSYLVANIA, STATE OF WISCONSIN, THE BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, BOARD OF EDUCATION FOR THE CITY OF CHICAGO, CLEVELAND MUNICIPAL SCHOOL DISTRICT BOARD OF EDUCATION, and SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>ELISABETH D. DEVOS, in her official capacity as the United States Secretary of Education, and U.S. DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 20-cv-4478-SK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:        Hon. Sallie Kim<br>Trial Date:  None Set<br>Action Filed: July 7, 2020 |

On July __, 2020, Plaintiffs the State of Michigan, the State of California, the District of Columbia, the State of Hawaii, the State of Maine, the State of Maryland, the State of New Mexico, the Commonwealth of Pennsylvania, the State of Wisconsin, the Board of Education of the City School District of the City of New York, Board of Education for the City of Chicago, Cleveland Municipal School District Board of Education, and San Francisco Unified School District (Plaintiffs) filed a Motion for Preliminary Injunction (Motion), and a hearing on that Motion was held.

The Court has considered the Motion and documents filed therewith, all of the papers on file in this action, and the evidence and arguments presented at the hearing, and hereby GRANTS Plaintiffs' Motion. The Court finds that each of the necessary elements for issuing a preliminary injunction are met. In particular, the Court finds that Plaintiffs are likely to prevail on the merits of their claims; absent a preliminary injunction, Plaintiffs would be likely to suffer irreparable injuries; the balance of the equities favor Plaintiffs; and the requested relief is in the public interest.

**PRELIMINARY INJUNCTION**

Now, therefore, it is hereby ORDERED that:

Defendant Elisabeth D. DeVos, in her official capacity as Secretary of the United States Department of Education, and the United States Department of Education (Defendants), and Defendants' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, ARE HEREBY RESTRAINED AND ENJOINED from committing, or performing directly and indirectly, any and all of the following acts during the pendency of this action with respect to any Plaintiff, any entity operated by any Plaintiff, any entity established by the laws of any Plaintiff, or any local or state educational entity located within the geographical boundaries of any Plaintiff (Covered Entities):

1. Imposing or enforcing any requirement to calculate the proportional share of funds for equitable services required under Section 18005 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Public Law 116–136, 134 Stat. 281, in a manner

1

[Proposed] Order Granting Pls.' Mot. for Prelim. Inj. (20-cv-4478-SK)

not explicitly described by Section 1117(a)(4)(A) of the Elementary and Secondary Education Act of 1965 (ESEA);

2. Imposing or enforcing any limitation on the use of the Governor's Emergency Education Relief (GEER) Funds or Elementary and Secondary Schools Emergency Relief (ESSER) Funds on the basis that a school or other recipient does not participate under Title I, Part A of the ESEA;

3. Imposing or enforcing any requirement that GEER Funds or ESSER Funds supplement, not supplant, existing funds or expenditures, including, but not limited to, the requirement described in Section 1118(b) of the ESEA;

4. Imposing or enforcing on any Covered Entity any requirement, guidance, or recommendation to provide equitable services under Section 18005 of the CARES Act with methods and procedures not explicitly described by Section 1117 of the ESEA, including, but not limited to, the provisions of the Department of Education guidance document titled *Providing Equitable Services to Students and Teachers in Non-public Schools Under the CARES Act Programs* (April 30, 2020) (Guidance), attached to the Complaint as Exhibit A, or *Providing Equitable Services to Students and Teachers in Non-public Schools*, 85 Fed. Reg. 39,479 (July 1, 2020) (Rule), or any other substantially equivalent requirements;

5. Penalizing any Covered Entity, including by withholding, terminating, or taking any action to recover funds provided by the CARES Act or a program established by the ESEA, on the basis of any alleged failure to comply with (1) the Guidance, attached to the Complaint as Exhibit A; (2) the Rule; or (3) any other substantially equivalent requirements to provide equitable services under Section 18005 of the CARES Act with methods and procedures not explicitly described by Section 1117 of the ESEA; and

6. Conducting any investigation of, or regulatory proceeding regarding, any Covered Entity on the basis of any alleged failure to comply with the Guidance or the Rule, or any alleged failure to provide equitable services under Section 18005 of the CARES Act with methods and procedures not wholly described by Section 1117 of the ESEA.

2

[Proposed] Order Granting Pls.' Mot. for Prelim. Inj. (20-cv-4478-SK)

This preliminary injunction does not relieve any Covered Entity of its obligation to provide equitable services under Section 18005 of the CARES Act with methods and procedures explicitly described by Section 1117 of the ESEA.

**IT IS SO ORDERED.**

Dated: _____                              _____

3

[Proposed] Order Granting Pls.' Mot. for Prelim. Inj. (20-cv-4478-SK)