HUSCH BLACKWELL LLP
Donald J. Mizerk Esq., (CA Bar No. 208477)
John W. Borkowski (IL Bar No. 6320147) (*pro hac pending*)
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606
Phone:  (312) 526-1538
Fax:  (312) 655-1501
don.mizerk@huschblackwell.com

Attorneys for Amicus Curiae
COUNCIL OF THE GREAT CITY SCHOOLS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF MICHIGAN, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF MAINE, STATE OF MARYLAND, STATE OF NEW MEXICO, STATE OF WISCONSIN, THE BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, BOARD OF EDUCATION FOR THE CITY OF CHICAGO, CLEVELAND MUNICIPAL SCHOOL DISTRICT, AND SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>                Plaintiffs,<br><br>      v.<br><br>ELISABETH D. DEVOS, in her official capacity as the United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                Defendants. | Civil Case No.3:20-cv-04478-JD<br><br>**MOTION OF THE COUNCIL OF THE GREAT CITY SCHOOLS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND IN EXCESS APPLICABLE PAGE LIMITATIONS**<br><br>Judge: Hon. James Donato<br>Trial Date:  None set<br>Action Filed: July 7, 2020 |

The Council of the Great City Schools (hereinafter the "Council"), through undersigned counsel, hereby respectfully moves, pursuant to Civil Local Rule 7-11, for administrative relief from the page limits applicable under Civil Local Rule 7-4(b) and this Court's Standing Order. The applicable Local Rule and Standing Order would limit the brief to 15 pages. The Council respectfully requests an additional 10 pages—or 25 pages total—for its brief as *amicus curiae* in support of Plaintiffs' motion for preliminary injunction in this case.

The Council of the Great City Schools is a coalition of 76 of the nation's largest urban public school systems, and is the only national organization exclusively representing the needs of urban public schools. Founded in 1956 and incorporated in 1961, the Council serves as the national voice for urban educators and provides a forum to share best practices. The Council is composed of school districts with enrollments greater than 35,000 students located in cities with a population exceeding 250,000. Districts located in the largest city of any state are also eligible for membership, based on urban characteristics. The Council's member districts have a combined enrollment of over 8.2 million students. Headquartered in Washington, D.C., the Council promotes urban education through research, instruction, management, technology, legislation, communications, and other special projects.

The Council has prepared the attached brief because its members and the students that they serve will be harmed by the implementation of the interim final rule adopted by the U.S. Department of Education (the "Department") on July 1, 2020. *See* CARES Act Program; Equitable Services to Students and Teachers in Non-Public Schools, 85 Federal Register, 39,479 (July 1, 2020) (the "Rule"). If this Rule stands, the Department would illegally divert millions of dollars allocated under the CARES Act, H.R. 748 116th Cong., 20 U.S.C. § 3401 note (2020), from public schools serving millions of low-income children to private schools, regardless of the affluence or financial need of their students. This unlawful diversion would have devastating consequences for public school

districts struggling to re-open safely and for the students they are trying to protect. The attached brief explains the nature and scope of the harm inflicted by the Department on public school districts and students by its arbitrary and capricious actions.

District courts have "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F. 2d 1237, 1260 (9th Cir. 1982). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. V. Upstream Point Molate,* LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)). If permitted to file, the Council will fulfill "the classic role of amicus curiae by assisting in a case of general public interest[] [and] supplementing the efforts of counsel[.]" *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

There is good reason exercise for the Court to exercise its discretion here to permit the Council to file the attached *amicus* brief. Counsel for the proposed *amicus curiae* is familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments. Rather, the Council will draw upon its knowledge of the legislative process and the educational system as well as its members' experience in school communities nationwide to underscore the Rule's unlawfulness and demonstrate the on-going and irreparable harm the Department's actions, including the Rule, have caused and will continue to cause unless enjoined by the Court.

In light of the range and complexity of issues to be addressed and the high stakes for the Council and its members, in addition to the parties, good cause exists to extend the page limits for the attached amicus brief to 25 pages. Because of the urgent need for the parties and other stakeholders, like the Council, to address the matters raised in the Plaintiffs' motion, the Council has prepared this attached brief in advance of the deadline for the Defendants' response. As a result of this effort to provide Defendants with timely notice of the Council's arguments, the brief was largely

completed before the case was reassigned from the presiding magistrate, and counsel only just became aware of the page limitations of the Court's Standing Order.

The Council, through its undersigned counsel, has consulted with the Plaintiffs, who consent to the filing of this brief. To the Council's knowledge, however, no appearance has been entered on behalf of Defendants, and, as a result, it has been unable to seek their consent.

Furthermore, no party or counsel for a party authored the brief in whole or in part, and no party, counsel for a party, or person other than *amicus curiae*, its members, or its counsel made any monetary contribution intended to fund the preparation or submission of this brief.

For these reasons, the motion for leave to file the attached *amicus curiae* brief should be granted.

Dated: July 24, 2020

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Donald J. Mizerk*

Donald J. Mizerk (CA Bar No. 208477)
John W. Borkowski (IL Bar No. 6320147)
Mary Deweese (IL Bar No. 6326512)
*Pro hac vice motions pending*
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone: (312) 526-1538
Fax: (312) 655-1501
don.mizerk@huschblackwell.com
john.borkowski@huschblackwell.com
mary.deweese@huschblackwell.com

Paige Duggins-Clay (TX Bar No. 24105825)
*Pro hac vice motion pending*
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Phone: (512) 472-5456
Fax: (512) 479-1101
paige.duggins-clay@huschblackwell.com


Aleksandra O. Rushing (MO Bar No. 68304)
Shmuel Shulman (MO Bar No. 71175)
*Pro hac vice motions pending*
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63141
Phone: 314-345-6275
Fax: 314-480-1505
aleks.rushing@huschblackwell.com
shmuli.shulman@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of July, 2020, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court.

/s/      *Donald J. Mizerk*

HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone: (312) 526-1538