| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>MICHAEL NEWMAN<br>Senior Assistant Attorney General<br>SARAH E. BELTON<br>Supervising Deputy Attorney General<br>REBEKAH A. FRETZ<br>JAMES F. ZAHRADKA II<br>GARRETT M. LINDSEY (SBN 293456)<br>Deputy Attorneys General<br>  300 South Spring Street, Suite 1702<br>  Los Angeles, CA 90013<br>  Telephone: (213) 269-6402<br>  E-mail: Garrett.Lindsey@doj.ca.gov<br>*Attorneys for Plaintiff State of California* | DANA NESSEL<br>Attorney General of Michigan<br>FADWA A. HAMMOUD*<br>Solicitor General<br>TONI L. HARRIS*<br>NEIL GIOVANATTI*<br>Assistant Attorneys General<br>  P.O. Box 30758<br>  Lansing, MI 48909<br>  Telephone: (517) 335-7603<br>  E-mail: GiovanattiN@michigan.gov<br>*Attorneys for Plaintiff State of Michigan*<br>**Appearing Pro Hac Vice* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF MICHIGAN, STATE OF CALIFORNIA, et al.,**<br><br>                                     Plaintiffs,<br><br>     v.<br><br>**ELISABETH D. DEVOS, in her official capacity as the United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,**<br><br>                                     Defendants. | Case No. 3:20-cv-04478-JD<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS**<br><br>Judge:           Hon. James Donato<br>Trial Date:    None set<br>Action Filed: July 7, 2020 |

Pursuant to Local Civil Rule 3-13 and the Court's Order, dated August 19, 2020, the parties submit this Notice of Pendency of Other Actions.

1. **State of Washington v. DeVos, et al., 2:20-cv-01119 (Western District of Washington)**

    a.  *Description and relation to the instant action*: On July 20, 2020, the State of Washington filed a lawsuit against Secretary DeVos and the U.S. Department of Education (Department) in the United State District Court for the Western District of Washington. Washington challenges the Department's interim final rule of July 1, 2020, relating to the funding of equitable services under section 18005 of the CARES Act. Washington seeks declaratory and injunctive relief based on violations of the Administrative Procedure Act and various constitutional provisions. On August 21, 2020, the United States District Court for the Western District of Washington granted Washington's motion for a preliminary injunction.  *See* 2:20-cv-1119-BJR, Doc. 54 (W.D.WA) (attached hereto as Exhibit A).  Washington is not a plaintiff in the case before this Court. The Washington case is related to the instant action because both actions challenge the Department's rule and interpretations of section 18005 of the CARES Act.

    b.  *Transfer of the instant action should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures)*.

    <u>Plaintiffs' statement</u>: Transfer of this proceeding to a different jurisdiction may inconvenience the parties and witnesses, none of whom reside in Washington. Coordination between the actions would not avoid conflicts, conserve resources, or promote a just or efficient determination of the action pending before this Court.  The August 21, 2020 order from the Western District of Washington was granted without briefing, argument, or evidence specific to the plaintiff jurisdictions in this action.  If the August 21, 2020 order does not apply equally to the plaintiffs in the instant action, transfer and consolidation of this proceeding would delay the resolution of the instant action. The parties have briefed, and the Court heard argument, on a preliminary injunction motion, and immediate resolution of the preliminary injunction motion is needed as described in the parties' briefs.

<u>Defendants' statement</u>: Transfer of this action would not be appropriate because this case does not present disputed issues of fact capable of resolution in consolidated proceedings. Because disposition of this case turns on pure questions of law, Multi-District Litigation would not be appropriate and would not expedite adjudication of the issues. Furthermore, it is defendants' position that the August 21, 2020, order in the Western District of Washington applies to the State of Washington only, the only plaintiff seeking relief in that case.

2. **National Association for the Advancement of Colored People, et al., v. DeVos, et al., 1:20-cv-01996 (District Court for the District of Columbia)**

    a.  *Description and relation to the instant action*: On July 22, 2020, the National Association for the Advancement of Colored People (NAACP), a group of parents of minor public school students, the Denver County School District, Pasadena Unified School District, Stamford Public Schools, Dekalb County School District, and Broward County Public Schools filed a lawsuit against Secretary DeVos and the Department in the United States District Court for the District of the Columbia. The plaintiffs challenge the Department's interim final rule of July 1, 2020, relating to the funding of services under section 18005 of the CARES Act. The plaintiffs seek declaratory and injunctive relief based on violations of the Administrative Procedure Act and various constitutional provisions. The NAACP and all other plaintiffs in the NAACP case are not plaintiffs in the case before this Court, and NAACP and the group of plaintiff students are not a direct recipient of emergency funding under sections 18002 or 18003 of the CARES Act at issue in this case.

    b.  *Transfer of the instant action should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures)*.

    <u>Plaintiffs' statement</u>: Given the more advanced procedural posture in this case (i.e., briefing has been completed and a hearing has been held on Plaintiffs' motion for preliminary injunction), and the fact that NAACP and other plaintiffs moved for a preliminary injunction or partial summary judgment on August 11, 2020, following all briefing for the motion for preliminary injunction before this Court, transfer would

unduly delay the instant case. Coordination between the actions would not avoid conflicts, conserve resources, or promote a just or efficient determination of the action pending before this Court.

<u>Defendants' statement</u>: Transfer of this action would not be appropriate because this case does not present disputed issues of fact capable of resolution in consolidated proceedings. Because disposition of this case turns on pure questions of law, Multi-District Litigation would not be appropriate and would not expedite adjudication of the issues. The instant action would resolve the matter within the plaintiff jurisdictions only and would not directly impact all plaintiffs in the NAACP action.

3. **Council of Parent Attorneys and Advocates, Inc. v. DeVos, et al., No. 1:20-cv-02310 (United States District Court for the District of Maryland)**

   a. *Description and relation to the instant action*: On August 10, 2020, the Council of Parent Attorneys and Advocates, Inc. (COPAA) filed a lawsuit against Secretary DeVos and the Department in the United States District Court for the District of Maryland. The plaintiff challenges the Department's interim final rule of July 1, 2020, relating to the funding of services under section 18005 of the CARES Act. The plaintiff seeks declaratory and injunctive relief based on violations of the Administrative Procedure Act. The plaintiff does not raise constitutional claims. COPAA is not a plaintiff in the case before this Court, and COPAA is not a direct recipient of emergency funding under sections 18002 or 18003 of the CARES Act at issue in this case.

   b. *Transfer of the instant action should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures)*.

   <u>Plaintiffs' statement</u>: Given the more advanced procedural posture in this case (i.e., briefing has been completed and a hearing has been held on Plaintiffs' motion for preliminary injunction), and the fact that COPAA has not moved for preliminary injunction, transfer would unduly delay the instant case. Coordination between the actions would not avoid conflicts, conserve resources, or promote a just or efficient determination of the action pending before this Court.

1     <u>Defendants' statement</u>: Transfer of this action would not be appropriate because this case does not present disputed issues of fact capable of resolution in consolidated proceedings. Because disposition of this case turns on pure questions of law, Multi-District Litigation would not be appropriate and would not expedite adjudication of the issues. The instant action would resolve the matter within the plaintiff jurisdictions only and would not directly impact the plaintiffs in the COPAA action.

Dated: August 24, 2020            Respectfully submitted,

| | |
|---|---|
| ETHAN P. DAVIS<br>Acting Assistant Attorney General<br><br>DAVID M. MORRELL<br>Deputy Assistant Attorney General<br><br>JENNIFER D. RICKETTS<br>Director, Federal Programs Branch<br><br>*/s/ William K. Lane III*<br>WILLIAM K. LANE III<br>(D.C. Bar #1034955)<br>Counsel, Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530<br>(202) 305-7920<br>william.lane2@usdoj.gov<br><br>*Attorneys for Defendants* | DANA NESSEL<br>Attorney General of Michigan<br>FADWA A. HAMMOUD*<br>Solicitor General<br><br>*/s/ Neil Giovanatti*<br><br>NEIL GIOVANATTI*<br>TONI L. HARRIS*<br>Assistant Attorneys General<br>*Attorneys for Plaintiff State of Michigan*<br>**Appearing Pro Hac Vice*<br><br>XAVIER BECERRA<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>Senior Assistant Attorney General<br>SARAH E. BELTON<br>Supervising Deputy Attorney General<br>REBEKAH A. FRETZ<br>GARRETT M. LINDSEY<br>JAMES F. ZAHRADKA II<br>Deputy Attorneys General<br>*Attorneys for Plaintiff State of California* |

**ATTESTATION OF SIGNATURES**

    I, Neil Giovanatti, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California that concurrence in the filing of this document has been obtained from each signatory hereto.

Dated:  August 24, 2020

                                                               */s/ Neil Giovanatti*

                                                               NEIL GIOVANATTI
                                                               Assistant Attorneys General
                                                              *Attorney for Plaintiffs*