XAVIER BECERRA
Attorney General of California
MICHAEL NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
REBEKAH A. FRETZ
JAMES F. ZAHRADKA II
GARRETT M. LINDSEY (SBN 293456)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 269-6402
  E-mail: Garrett.Lindsey@doj.ca.gov
*Attorneys for Plaintiff State of California*

DANA NESSEL
Attorney General of Michigan
FADWA A. HAMMOUD
Solicitor General
TONI L. HARRIS*
NEIL GIOVANATTI*
Assistant Attorneys General
  P.O. Box 30758
  Lansing, MI 48909
  Telephone: (517) 335-7603
  E-mail: GiovanattiN@michigan.gov
*Attorneys for Plaintiff State of Michigan*
**Appearing Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF MICHIGAN, STATE OF CALIFORNIA, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ELISABETH D. DEVOS, in her official capacity as the United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,**<br><br>Defendants. | Case No. 3:20-cv-04478-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:         September 17, 2020<br>Time:        10:00 AM<br>Judge:       Hon. James Donato<br>Trial Date: None set<br>Action Filed: July 7, 2020 |

Plaintiffs State of Michigan, State of California, District of Columbia, State of Hawaii, State of Maine, State of Maryland, State of New Mexico, Commonwealth of Pennsylvania, State of Wisconsin, the Board of Education for the City School District of the City of New York, Board of Education for the City of Chicago, Cleveland Municipal School District Board of Education, and San Francisco Unified School District (Plaintiffs), and Defendants Secretary of Education Elisabeth D. DeVos and the United States Department of Education (Defendants) respectfully submit this Joint Case Management Statement pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, this Court's Standing Order, and this Court's Order for Preliminary Injunction (Dkt. No. 82). Counsel for the parties met and conferred on these matters on September 9, 2020.

**1.    Jurisdiction and Service**

The parties agree that all named Defendants have been served, and that the Court has jurisdiction over Defendants who are sued in their official capacity. Plaintiffs' claims arise under the Constitution of the United States and the Administrative Procedure Act, 5 U.S.C. sections 701-06. This Court has jurisdiction under 28 U.S.C. sections 1331 and 1346, and authority to provide relief under the Declaratory Judgment Act, 28 U.S.C. section 2201. The Court has subject matter jurisdiction, venue is appropriate, and there are no issues as to justiciability.

**2.    Facts**

The CARES Act was enacted on March 27, 2020, and appropriated approximately $16 billion to help elementary and secondary schools maintain their operations and provide effective education during the pandemic through a formula grant administered by Defendant United States Department of Education (ED). Under section 18005(a) of the CARES Act, local educational agencies (LEAs) receiving these funds are directed to provide equitable services to private school students and teachers "in the same manner as section 1117 of the ESEA of 1965." A formula in Section 1117 of the ESEA states that a private school located within the boundaries of an LEA may receive a portion of the LEA's funds "based on the number of children from low-income families who attend" the private school. 20 U.S.C. § 6320(a)(4)(A)(i).

On April 30, 2020, Defendants published a non-binding guidance document entitled "Providing Equitable Services to Students and Teachers in Non-Public Schools Under the

CARES Act Programs" (the Guidance). The Guidance instructed LEAs to calculate the share of funds to be used in providing services to private school students based on the total enrollment of private school students.

On July 1, 2020, Defendants issued an Interim Final Rule, "CARES Act Programs; Equitable Services to Students and Teachers in Non-Public Schools," codified at 34 C.F.R. pt. 76, which went into effect immediately. The Interim Final Rule presented LEAs with two options. The first option allowed an LEA to allocate funding for services provided under Section 18005 based on the number of children from low-income families who attend the private school, but only if the LEA limited the use of the CARES Act funding at issue to Title-I participating schools, and if the LEA complied with "supplement-not-supplant" requirements. Under the second option, LEAs would not be required to limit the use of funds to Title-I participating schools, but would be required to allocate funding for services provided under Section 18005 based on the total enrollment of private school students, regardless of their family's income status.

**3. Legal Issues**

Plaintiffs' First Amended Complaint (Dkt. No. 24) raises the following legal issues:

A. Whether Defendants' issuance of the Interim Final Rule and Guidance violates the separation of powers set forth in the United States Constitution.

B. Whether Defendants' issuance of the Interim Final Rule and Guidance is ultra vires because Defendants have exceeded their statutory authority.

C. Whether Defendants' issuance of the Interim Final Rule and Guidance violates the Spending Clause of the United States Constitution.

D. Whether Defendants' issuance of the Interim Final Rule and Guidance violates the Administrative Procedure Act because Defendants exceeded their statutory authority, and as agency actions short of statutory right, or not in accordance with law.

E. Whether Defendants' issuance of the Interim Final Rule and Guidance violates the Administrative Procedure Act because Defendants acted in an arbitrary and capricious manner.

  F. Whether Defendants' issuance of the Interim Final Rule violates the Administrative Procedure Act because Defendants acted without observance of procedure required by law.

  G. Whether Plaintiffs are entitled to a permanent injunction, declaratory relief, and other relief as stated in the First Amended Complaint.

### 4. Motions

On July 17, 2020, Plaintiffs filed an Administrative Motion for Leave to Exceed Applicable Page Limits and Expedite Briefing Schedule (Dkt. No. 25) in order to file a Motion for Preliminary Injunction (Dkt. No. 25-3). On July 20, Plaintiffs filed the Motion for Preliminary Injunction (Dkt. No. 35). The motion was heard on August 18 (Dkt. No. 77), and the preliminary injunction was granted on August 26 (Dkt. No. 82).

Plaintiffs intend to seek to resolve this case through a dispositive motion. Plaintiffs may also file a motion for temporary restraining order and/or a motion for preliminary injunction if Defendants issue a final rule on Equitable Services to Students and Teachers in Non-Public Schools for CARES Act Programs.

### 5. Amendment of Pleadings

Plaintiffs reserve their right to seek leave to amend their First Amended Complaint if appropriate. Plaintiffs may seek leave to supplement their First Amended Complaint if Defendants issue a final rule on Equitable Services to Students and Teachers in Non-Public Schools for CARES Act Programs.

### 6. Evidence Preservation

Joint Statement:

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have taken the steps to preserve evidence as required by the Federal Rules of Civil Procedure.

Defendants' Statement:

Because this action is brought pursuant to the APA, this Court's final resolution on the merits of Plaintiffs' claims should be based on the administrative record produced by the agency.

**7. Disclosures**

Plaintiffs' Statement:

Parties should exchange initial disclosures, if necessary, within 30 days following a ruling on Plaintiffs' initial dispositive motion.

Defendants' Statement:

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(1), this action is exempt from initial disclosures.

Joint Statement:

In addition, absent further agreement of the parties, the administrative record shall be produced in accordance with Local Civil Rule 16-5.

**8. Discovery**

No discovery has been taken to date.

Plaintiffs' Statement:

In light of the current status of the litigation, it is premature to develop a Rule 26(f) Discovery Plan.

Defendants' Statement:

This APA action should be decided on the administrative record without discovery.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

The parties are aware of three other pending cases challenging the Interim Final Rule:

- *State of Washington v. DeVos, et al.*, 2:20-CV-01119 (W.D. Wa.) (Filed 7/20/2020)
- *NAACP, et al. v. DeVos, et al.*, 1:20-CV-01996 (D.D.C.) (Filed 7/22/2020)
- *Council of Parent Attorneys and Advocates, Inc. v. DeVos, et al.*, 1:20-CV-02310 (D. Md.) (Filed 8/10/2020)

**11. Relief**

Plaintiffs request that the Court:

A. Declare the Interim Final Rule and the Guidance unlawful within the meaning of 5 U.S.C. § 706(2)(A), (C), & (D);

B. Permanently enjoin the Department and its officers, employees, and agents from applying and enforcing the Interim Final Rule and the Guidance;

C. Vacate and set aside the Interim Final Rule and the Guidance;

D. Award Plaintiffs reasonable costs and expenses, including attorneys' fees; and

E. Grant such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

The parties agree this case is unlikely to be resolved through settlement or ADR. The parties agree that the nature of the instant suit renders it a poor fit for inclusion in the Alternative Dispute Resolution Multi-Option Program, in that the issues presented are not amenable to resolution by alternative dispute resolution processes. Parties jointly request that the Court excuse them from automatic mandatory participation in the Court's Alternative Dispute Resolution Multi-Option Program.

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The case has been assigned to an Article III Judge.

**14. Other References**

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties have not reached an agreement on narrowing the issues. The parties will continue to meet and confer in an attempt to narrow the issues to be decided.

**16. Expedited Trial Procedure**

The parties agree this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.   Scheduling**

Plaintiffs' Statement:

Plaintiffs believe that the action can be resolved through dispositive motions. Plaintiffs intend to seek to resolve this case through a dispositive motion filed on or before October 8, 2020, to be heard November 12, 2020, unless Defendants affirmatively represent they will not appeal the September 4, 2020 order vacating the Interim Final Rule in *NAACP, et al. v. DeVos, et al.*, 1:20-CV-01996 (D.D.C.), and will not issue a final rule interpreting Section 18005 of the CARES Act. If the issues in this case are not resolved by Plaintiffs' initial dispositive motion, Plaintiffs agree to meet and confer within 14 days of the Court's ruling on such motions to discuss a schedule for proceeding with this case, including proposed dates for designation of experts, discovery cutoff, pretrial conference, and trial.

Defendants' Statement:

Defendants believe that the court vacated the IFR in its entirety, and no further proceedings would be necessary in this Court unless Defendants appeal the *NAACP* ruling. Defendants believe that further action in this case should be stayed for 30 days to allow Defendants to review and determine how to proceed in light of the *NAACP* ruling. Defendants agree to notify Plaintiffs and this Court immediately should an appeal of the *NAACP* ruling be taken, and, in any event, will file a status report by October 10, 2020, indicating any further relevant developments in any of the related cases. Defendants note that on September 9, 2020, the Western District of Washington stayed proceedings in a related case for 30 days to allow Defendants time to consider the *NAACP* ruling. *See Washington v. DeVos*, 2:20-cv-01119-BJR (W.D. Wash. Sep. 9, 2020).

**18.   Trial**

Plaintiffs' Statement:

If trial is necessary, Plaintiffs believe it should be a bench trial and estimate a trial length of five days.

\\\

Defendant's Statement:

Because this case challenges final agency action under the APA, it presents only pure questions of law for the Court to decide at summary judgment, if necessary, based on the administrative record produced by the agency.

**19.   Disclosure of Non-Party Interested Entities or Persons**

The parties are government entities and officials; therefore, Civil Local Rule 3-15 does not apply.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

Defendants are enjoined from implementing or enforcing against Plaintiffs the provisions in the Guidance or the Interim Final Rule. At this time, Defendants are still reviewing the vacatur of the interim final rule in the *NAACP* action before the District Court for the District of Columbia.

| | | |
|---|---|---|
| 1 | Dated: September 10, 2020 | Respectfully submitted, |
| 2 | By: /s/ Garrett M. Lindsey | /s/ William K. Lane III |

XAVIER BECERRA
Attorney General of California
MICHAEL NEWMAN
Senior Assistant Attorney General
SARAH E. BELTON
Supervising Deputy Attorney General
GARRETT M. LINDSEY
JAMES F. ZAHRADKA II
REBEKAH A. FRETZ
Deputy Attorneys General
*Attorneys for Plaintiff State of California*

By: /s/ Neil Giovanatti

DANA NESSEL
Attorney General of Michigan
FADWA A. HAMMOUD
Solicitor General
NEIL GIOVANATTI*
TONI L. HARRIS*
Assistant Attorneys General
*Attorneys for Plaintiff State of Michigan*
**Appearing Pro Hac Vice*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

DAVID M. MORRELL
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

WILLIAM K. LANE III
(D.C. Bar #1034955)
Counsel, Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 305-7920
william.lane2@usdoj.gov
*Attorneys for Defendants*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

JAMES DONATO
United States District Judge

# ATTESTATION OF SIGNATURES

I, Garrett M. Lindsey, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California that concurrence in the filing of this document has been obtained from each signatory hereto.

Dated: September 10, 2020

/s/ Garrett M. Lindsey

GARRETT M. LINDSEY
Deputy Attorney General
*Attorney for State of California*